IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ERIC STROEVE, #A6051620, | CIVIL NO. 22-00383 DKW-WRP |
| Petitioner, | ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY |
| v. | |
| STATE OF HAWAII, | |
| Respondent. | |

Before the Court is a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") filed by pro se Petitioner Eric Stroeve.[1]  ECF No. 1.  Stroeve is awaiting sentencing in *State v. Stroeve*, No. 1CPC-21-0000568 (Haw. 1st Cir.).  *Id.* at 1.  Because Stroeve has not yet been sentenced, and he has not exhausted his claims, the Petition is DISMISSED without prejudice.  Any request for a certificate of appealability is DENIED.

## I.   BACKGROUND

On July 14, 2022, Stroeve was convicted, in the Circuit Court of the First Circuit, State of Hawaii, of arson in the first degree, in violation of Haw. Rev. Stat.

---

[1]Stroeve is currently detained at the Oahu Community Correctional Center.  *See* VINE, https://vinelink.vineapps.com/search/HI/Person (select "ID Number" and enter "A6051620") (last visited Oct. 12, 2022).

§ 708-8251 (2006).  ECF No. 1 at 1; *see also* Judiciary Information Management

System, eCourt Kokua https://www.courts.state.hi.us/ (select "eCourt Kokua*,"

select "Click Here to Enter eCourt* Kokua," select Case Search," and enter

"1CPC-21-0000568" in "CaseID or Citation Number" field), Dkt. 294.  Stroeve is

scheduled to be sentenced on October 20, 2022.  ECF No. 1 at 1.

      Stroeve signed the Petition on August 15, 2022, *id.* at 15, and the Court

received it on August 18, 2022.  Stroeve alleges that "[t]he State of Hawai'i

intentionally withheld exculpatory evidence before, during, and after the jury trial

that proves 100 percent that [Stroeve] could not have committed the crime [he] was

found guilty of because [he] was in custody."  *Id.* at 5.  Stroeve asks the Court to

vacate his conviction and to order his release.  *Id.* at 15.

## II.   DISCUSSION

### A.   Legal standard

      The Court may "entertain an application for a writ of habeas corpus in behalf

of a person in custody pursuant to the judgment of a State court only on the ground

that he is in custody in violation of the Constitution or laws or treaties of the

United States."  28 U.S.C. § 2254(a).  The Court must "award the writ or issue an

order directing the respondent to show cause why the writ should not be granted,

unless it appears from the application that the applicant or person detained is not

entitled thereto."  28 U.S.C. § 2243.  "If it plainly appears from the petition and

any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## B.    Stroeve is not in custody pursuant to a state court judgment

To seek relief under 28 U.S.C. § 2254(a), the petitioner must be "in custody pursuant to the judgment of a State court."  As the Supreme Court has stated, "'[f]inal judgment in a criminal case means sentence.  The sentence is the judgment.'"  *Burton v. Stewart*, 549 U.S. 147, 156 (2007) (per curiam) (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937)).  Thus, "under federal law, there is no judgment of conviction until a sentence is imposed."  *Razo v. Thomas*, 700 F. Supp. 2d 1252, 1273 (D. Haw. 2010); *see also* Hawaii Rule of Penal Procedure ("HRPP") 32(c) ("A judgment of conviction in the circuit court shall set forth the plea, the verdict or findings, and the adjudication and sentence.").

Here, Stroeve acknowledges that he has not yet been sentenced.  ECF No. 1 at 1.  Accordingly, judgment has not been entered.  Because Stroeve is not in custody "pursuant to the judgment of a State court," the Court must DISMISS the Petition.  *See Jones v. Bolanos*, Case No. 18-cv-06231-RS, 2018 WL 5880823, at *1 (N.D. Cal. Nov. 8, 2018) ("The fact that petitioner has not been sentenced bars his habeas petition."); *Simms v. Washington*, No. C06-0942 RSM, 2006 WL

3

2400570, at *1 (W.D. Wash. Aug. 15, 2006) ("Because petitioner has not yet been sentenced for his crimes, no judgment has yet been entered against [him].  This Court therefore lacks jurisdiction to consider the instant petition.").

## C.    Stroeve has not exhausted his claims

"The habeas statute generally requires a state prisoner to exhaust state remedies before filing a habeas petition in federal court." *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (citing 28 U.S.C. § 2254(b)(1), (c)).  "A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one complete round of the State's established appellate review process." *Id.* (internal quotation marks and citation omitted).

Here, Stroeve has not exhausted his claims.  After judgment is entered in his ongoing criminal case, Stroeve may file a direct appeal to the Intermediate Court of Appeals of the State of Hawaii pursuant to Hawaii Rule of Appellate Procedure ("HRAP") 4(b)(1).

Stroeve asserts that the Hawaii Supreme Court has a "serious conflict of interest."  ECF No. 1 at 5.  Even if this evident speculation is true, it does not change the Court's analysis.  Indeed, Stroeve is not required to seek review by the Hawaii Supreme Court to fully exhaust state remedies under Hawaii law. *See* HRAP 40.3 ("[A]n application for a writ of certiorari shall not be required to

exhaust available state remedies regarding a claim of error.  A decision or order upon an appeal in which an issue was raised shall be deemed to have exhausted available state remedies with regard to that issue.").  In other words, "[p]roper exhaustion to the ICA is sufficient."  *Florer v. Hoffman*, Civ. No. 15-00225 DKW-BMK, 2015 WL 5299004, at *6 (D. Haw. Sept. 8, 2015).

**D.  If the Petition were brought pursuant to 28 U.S.C. § 2241, *Younger* abstention would apply**

Even if the Court were to construe the Petition as being brought pursuant to 28 U.S.C. § 2241, the statute under which persons can challenge pre-judgment detention, the Court would still dismiss this action.

The Supreme Court held in *Younger* that federal courts "should abstain from staying or enjoining pending state criminal prosecutions absent extraordinary circumstances."  *Bean v. Matteucci*, 986 F.3d 1128, 1133 (9th Cir. 2021).  "*Younger* abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." *Arevalo v. Hennessy*, 882 F.2d 763, 765 (9th Cir. 2018) (quotation marks and citation omitted).

"*Younger* abstention is appropriate when:  (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding."  *Page v. King*, 932 F.3d 898,

901–02 (9th Cir. 2019). *Younger* abstention principles apply throughout state appellate proceedings, requiring full appellate review of a state court judgment before federal court intervention is permitted. *Dubinka v. Judges of the Super. Ct.*, 23 F.3d 218, 223 (9th Cir. 1994) ("[E]ven if appellants' trials were completed at the time of the district court's decision, the state court proceedings were still pending for *Younger* abstention purposes.").

*Younger*'s elements are satisfied here, and no apparent exception or extraordinary circumstance justifies federal intervention. First, Stroeve's criminal proceedings are ongoing; he is scheduled to be sentenced on October 20, 2022. ECF No. 1 at 1. Second, the State of Hawaii "has an important interest in enforcing its criminal laws and in maintaining the integrity of its criminal proceedings." *McCoy v. Sequeira*, Civ. No. 20-00384 DKW-RT, 2020 WL 5604031, at *3 (D. Haw. Sept. 18, 2020). Third, there are no apparent procedural bars preventing Stroeve from raising his claims in his criminal proceeding, on direct appeal, or, if necessary, in a state post-conviction petition. *See Commc'ns Telesystems Int'l v. Cal. Pub. Util. Comm'n*, 196 F.3d 1011, 1020 (9th Cir. 1999) ("The 'adequate opportunity' prong of *Younger* . . . requires only the absence of 'procedural bars' to raising a federal claim in the state proceedings."); *see also Mitchell v. Mitchell*, Civ. No. 13-00310 DKW-RLP, 2013 WL 4509658, at *4 n.2 (D. Haw. Aug. 23, 2013) ("State courts are as competent as federal courts to decide

federal constitutional issues.").  Fourth, to allow this matter to proceed while the state criminal proceedings are ongoing would "interfere in a way that *Younger* disapproves." *Gilbertson v. Albright*, 381 F.3d 965, 978 (9th Cir. 2004).  Finally, nothing in the Petition suggests that there are extraordinary circumstances requiring this Court's interference in Stroeve's ongoing state court criminal proceedings.

## E.    Proper respondent

If Stroeve elects to file another habeas petition after he is in custody pursuant to a state court judgment and has exhausted his claims, he must name a proper respondent.  Habeas Rule 2(a) states that for a petitioner who "is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."  "Typically, this person is the warden of the facility in which the petitioner is incarcerated." *Ortiz-Sandoval v. Gomez*, 81 F.3d 891 (9th Cir. 1996), as amended (May 8, 1996) (internal quotation marks and citation omitted).  "Failure to name the correct respondent destroys personal jurisdiction." *Id.* (citation omitted).

## III.    <u>CERTIFICATE OF APPEALABILITY</u>

Pursuant to Habeas Rule 11, a federal court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability may issue only "if the applicant has made a substantial showing of

the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  For the reasons set

forth above, the Petition is premature.  Thus, at this point, Stroeve has not made a

substantial showing of the denial of a constitutional right.  The Court DECLINES

to issue a certificate of appealability.

## IV.   CONCLUSION

(1)  The Petition for Writ of Habeas Corpus is DISMISSED without

prejudice because Stroeve is not in custody pursuant to a state court judgment, and

he has not exhausted his claims.

(2)  Any request for a certificate of appealability is DENIED.

(3)  The Clerk of Court SHALL terminate this action.

IT IS SO ORDERED.

DATED: October 13, 2022 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

*Stroeve v. State of Hawaii*; Civil No. 22-00383 DKW-WRP; **ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY**